IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| SHELBY COUNTY HEALTH CARE CORPORATION d/b/a REGIONAL MEDICAL CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>BOAR'S HEAD PROVISIONS COMPANY, INC.,<br><br>    Defendant. | Case No. 05-2238 D/P |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is the motion (dkt. #10) of Boar's Head Provisions Company, Inc. ("Defendant") to dismiss the complaint of Shelby County Health Care Corporation d/b/a Regional Medical Center ("Plaintiff") brought under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Defendant argues that Plaintiff fails to state a claim for which relief may be granted because Plaintiff's claims are barred by the limitations period in Defendant's benefit plan pursuant to Federal Rule of Civil Procedure 12(b)(6). In response, Plaintiff argues that there was no limitations period when it was assigned rights under the plan and that the applicable statute of limitations is controlled by Tennessee law. For the following reasons, the Court denies Defendant's motion to dismiss.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

## I. Factual Background[1]

Plaintiff is a non-profit corporation with its principal place of business in Memphis, Shelby County, Tennessee. From October 24, 1999 to November 2, 1999, Christopher Ballard ("Ballard") was hospitalized in Plaintiff's facility in Memphis. Plaintiff furnished medical services to him in the amount of $23,489.79. Defendant was the health and welfare benefit provider for Ballard. On August 24, 2003, Ballard assigned his rights and benefits under Defendant's plan to Plaintiff.

Plaintiff filed a complaint against Defendant on March 31, 2005, seeking payment plus interest and costs. Defendant filed the instant motion to dismiss on August 25, 2005. Plaintiff filed a response on September 6, 2005. Defendant replied on September 23, 2005.

## III. Legal Standard

A party may bring a motion to dismiss for failure to state a claim under Rule 12(b)(6). This motion tests only whether the plaintiff has pleaded a cognizable claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., Nietzke v. Williams, 490 U.S. 319, 326-27 (1989).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Nietzke, 490 U.S. at 326-27; Lewis v. ACB Bus. Serv., Inc., 135 F.3d 389, 405 (6th Cir. 1997). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is

---

[1] The facts are taken from Plaintiff's complaint and are presumed to be true for the instant motion only.

2

very liberal in favor of the party opposing the motion. <u>Westlake v. Lucas</u>, 537 F.2d 857, 858 (6th Cir. 1976). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied.

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. <u>Windsor v. The Tennessean</u>, 719 F.2d 155, 158 (6th Cir. 1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the court. <u>Nietzke</u>, 490 U.S. at 327; <u>Murphy v. Sofamor Danek Group, Inc.</u>, 123 F.3d 394, 400 (6th Cir. 1997). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. <u>Sinay v. Lamson & Sessions Co.</u>, 948 F.2d 1037, 1039-40 (6th Cir. 1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. <u>Lewis</u>, 135 F.3d at 405-06.

## IV. Analysis

Under ERISA, a participant or beneficiary may bring a civil action to recover benefits due to him, to enforce his rights, or to clarify his rights to future benefits under the terms of a plan. 29 U.S.C. § 1132(a)(1)(B). A participant may designate a health care provider as a beneficiary under the employee benefit plan. <u>See</u> 29 U.S.C. § 1002(8)-(9). As a beneficiary, a health care provider "holds a valid assignment of benefits under an ERISA-regulated health insurance plan." <u>Univ. of Tenn. William F. Bowld Hosp. v. Wal-mart Stores, Inc.</u>, 951 F.Supp. 724, 728 (W.D. Tenn. 1996) (citing, <u>Cromwell v. Equicor-Equitable HCA Corp.</u>, 944 F.2d 1272, 1277 (6th Cir. 1991)).

Since there is no federally mandated statute of limitations for claims brought under ERISA,

"courts should apply the most analogous state law statute of limitations." Meade v. Pension Appeals & Review Committee, 966 F.2d 190, 194-95 (6th Cir. 1992). Courts will apply the statute of limitations of the state in which the claim is brought. Jackson v. UNUM Life Insurance Co. of Amer., 2003 U.S. Dist. LEXIS 3834 * 5 (W.D. Mich. 2003) (unpublished opinion). In the instant case, Tennessee law governs. Tennessee's statute of limitations mandates that an action for breach contract must be brought within six years. Tenn. Code Ann. § 28-3-109(a)(3). See Southern Electrical Retirement Fund v. George Arp Electrical Corp., 635 F.Supp. 139, 143-44 (E.D. Tenn. 1986) (applying Tennessee's statute of limitations to a claim for benefits under ERISA). This cause of action accrues at the time the debt or promise to pay is incurred as in the instant case, the date that Plaintiff furnished medical services to Mr. Ballard. See Winn v. Dinsdale Grain & Lumber Co., 196 N.W. 80 (Iowa 1923). Plaintiff's claim falls within the applicable period.

Furthermore, the three year limitations period in Defendant's current policy does not apply to Plaintiff's cause of action. Defendant amended its benefit plan to include the three year limitations period on April 20, 2000. Pl.'s Resp. to Def.'s Motion to Dismiss ¶ 1. This was after Mr. Ballard's entitlement to benefits had already accrued on October 24, 1999. As a result, Plaintiff's cause of action is not barred by Defendant's limitations period, nor is it barred under Tennessee law.

## IV. Conclusion

The Court holds that Plaintiff has adequately stated a claim for relief under ERISA. Accordingly, the Court **DENIES** Defendant's motion to dismiss.

**IT IS SO ORDERED** this 6th day of December 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 18 in case 2:05-CV-02238 was distributed by fax, mail, or direct printing on December 7, 2005 to the parties listed.

---

Jennifer Ziegenhorn
HUSCH & EPPENBERGER
200 Jefferson Ave.
Ste. 1450
Memphis, TN 38103

Daniel L. Herrington
FRIDAY, ELDREDGE & CLARK
400 West Capitol
2000 Regions Center
Little Rock, AR 72201--349

Teresa Ann McCullough
MCCULLOUGH & MCCULLOUGH
9050 Corporate Gardens Dr.
Germantown, TN 38138

Honorable Bernice Donald
US DISTRICT COURT